UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABODA, INC.,

           Plaintiff,

v.

MOVEIN INC.,

           Defendant.

No.

COMPLAINT FOR:
(1) TRADEMARK INFRINGMENT;
(2) FALSE DESIGNATION OF ORIGIN; and
(3) UNFAIR COMPETITION

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Aboda, Inc. (hereinafter "Aboda") brings this complaint against Defendant MoveIn Inc. (hereinafter "MoveIn") for federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114(a), false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement under common law, and unfair competition under § 19.86.020 of the Washington Revised Code Annotated. In support of this complaint, Aboda alleges as follows:

### Jurisdiction

1.     Aboda is a Washington corporation with its principal place of business located at 6525 240th Street Southeast, Woodinville, Washington, 98072.

COMPLAINT - 1

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

2. MoveIn is a Delaware corporation with its principal place of business located at 316 West Washington Ave, Suite 700, Madison, Wisconsin 53703.

3. MoveIn can be served with process through its registered agent Alec Slocum at 316 West Washington Ave, Suite 700, Madison, Wisconsin 53703.

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§§ 1331, 1338(a) and (b), and 1332.

5. This Court has supplemental jurisdiction over Aboda's Washington State law claims based on 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over MoveIn because it: (a) regularly conducts and transacts business within the State of Washington and within this judicial district; and (b) has committed acts of trademark infringement in the State of Washington causing unfair competition within the State of Washington.

**Venue**

7. Venue is proper in this jurisdiction under 28 U.S.C § 1391(a) because MoveIn is subject to personal jurisdiction in this judicial district at the time the action is commenced, and under 28 U.S.C § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and MoveIn regularly conducts business in the state.

**Facts Relating to Aboda's Mark**

8. Aboda is a leading provider of global temporary accommodation services focused on managing, providing, and marketing apartments and rental properties.

COMPLAINT - 2

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

9. Aboda owns a family of ABODA trademarks in connection with real estate and apartment services.

10. Since at least as early as 2005, Aboda has offered real estate services, including management and marketing of temporary accommodations and apartments. With operations in over two-hundred (200) United States cities and one- hundred thirty (130) foreign destinations, the ABODA brand is uniquely associated with Aboda's multi-platform apartment and housing solutions.

11. Aboda owns the following trademark applications and registrations for the ABODA marks listed in the table below. These marks are collectively referred to as the "ABODA Marks" or "Aboda's Marks" and the below listed goods & services are referred to as the "Services." True and accurate copies of these USPTO filing receipts for the trademark applications and certificates of registration are attached hereto as **Exhibit A.**

| MARK | GOODS & SERVICES |
|---|---|
| **ABODA** Application No. – 78730122 Application Date – 10/10/2005 Registration No. – 3290438 Registration Date – 09/11/2007 | **Class 35:** Providing furnishing services, namely, a retail store featuring new and used furniture, electronics and house wares; real estate marketing services, namely, on-line services featuring tours of residential and commercial real estate<br><br>**Class 36:** Housing and suite provision services, namely, housing agency featuring corporate housing, temporary and interim housing, and furnished housing and apartments; real estate brokerage<br><br>**Class 43:** New and used furniture rental; rental of furniture and household furnishings in the nature of appliances and electronic equipment for use in temporary housing accommodations |
| **ABODA** | **Class 36:** Real estate services, namely, residential property management in the field of rental properties; housing and suite provision services, namely, |

COMPLAINT - 3

| MARK | GOODS & SERVICES |
|---|---|
| Application No. – 98190058<br>Application Date – 09/30/2016<br>Registration No. – 5304901<br>Registration Date – 10/10/2017 | housing agency featuring corporate housing, temporary and interim housing and furnished housing and apartments<br><br>**Class 37:** Residential cleaning services; housekeeping, namely, maid services; carpet cleaning<br><br>**Class 39:** Residential moving services, namely, unpacking and putting away household items for others |
| **ABODA & Design**<br>Application No. – 87190071<br>Application Date – 09/30/2016<br>Registration No. – 5304902<br>Registration Date – 10/10/2017 | **Class 35:** Marketing of real estate in the field of rental properties; retail store services featuring new and used furniture<br><br>**Class 36:** Real estate services, namely, residential property management in the field of rental properties; housing and suite provision services, namely, housing agency featuring corporate housing, temporary and interim housing and furnished housing and apartments<br><br>**Class 37:** Residential cleaning services; housekeeping, namely, maid services; carpet cleaning<br><br>**Class 39:** Residential moving services, namely, unpacking and putting away household items for others<br><br>**Class 43:** Rental of furniture and household furnishings in the nature of small kitchen appliances and electronic cooking apparatus for use in temporary housing accommodations; rental of beds and furniture for use in temporary housing accommodations |
| **ABODA**<br>Application No. – 88377189<br>Application Date – 04/09/2019 | **Class 35:** Providing an interactive real estate website which promotes hotel, temporary housing, apartment, and rental properties through offering prospective tenants property descriptions, prices, location, maps, and other information that would be influential to a prospective tenant in making a rental decision; real estate marketing services in the field of hotels, temporary housing, apartments, and rental properties<br><br>**Class 36:** Real estate services, namely, rental and management for others of residential property, hotels, and apartments; real estate listing services |

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

| MARK | GOODS & SERVICES |
|---|---|
| | **Class 42:** Software as a service (SAAS) services featuring software for arranging, listing, advertising, searching, and renting rental properties, hotels, and apartments; Software as a service (SAAS) services featuring software that allows users to provide reviews and feedback about rental properties, hotels, and apartments (1B Filing); home staging services for rental properties, temporary housing accommodations, and apartments (1A Filing)<br><br>**Class 43:** Arranging temporary housing accommodations; providing online reservation services for temporary housing, hotels, and apartments; travel agency services, namely, making reservations and bookings for temporary housing, hotels, and apartments; arranging pet friendly services in connection with temporary housing accommodations; providing temporary lodging information via the Internet |
| **ABODA & Design** Application No. – 88377192 Application Date – 04/09/2019 | **Class 35:** Providing an interactive real estate website which promotes hotel, temporary housing, apartment, and rental properties through offering prospective tenants property descriptions, prices, location, maps, and other information that would be influential to a prospective tenant in making a rental decision; real estate marketing services in the field of hotels, temporary housing, apartments, and rental properties; Marketing of real estate in the field of rental properties; retail store services featuring new and used furniture<br><br>**Class 36:** Real estate services, namely, rental and management for others of residential property, hotels, and apartments; real estate listing services; Real estate services, namely, residential property management in the field of rental properties; housing and suite provision services, namely, housing agency featuring corporate housing, temporary and interim housing and furnished housing and apartment<br><br>**Class 37:** Residential cleaning services; housekeeping, namely, maid services; carpet cleaning<br><br>**Class 42:** Software as a service (SAAS) services featuring software for arranging, listing, advertising, searching, and renting rental properties, hotels, and apartments; Software as a service (SAAS) services featuring software that allows users to provide reviews and feedback about rental properties, hotels, and apartments (1B Filing); home staging services for rental properties, temporary housing accommodations, and apartments (1A Filing) |

COMPLAINT - 5

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 WWW.HELSELL.COM

| MARK | GOODS & SERVICES |
|---|---|
|  | **Class 43:** Arranging temporary housing accommodations; providing online reservation services for temporary housing, hotels, and apartments; travel agency services, namely, making reservations and bookings for temporary housing, hotels, and apartments; arranging pet friendly services in connection with temporary housing accommodations; providing temporary lodging information via the Internet; Rental of furniture and household furnishings in the nature of small kitchen appliances and electronic cooking apparatus for use in temporary housing accommodations; rental of beds and furniture for use in temporary housing accommodations |

12. The certificates of registration identified in the preceding paragraph constitute prima facie evidence of the validity of the registered ABODA Marks, the registration of the ABODA Marks, Aboda's ownership of the registered ABODA Marks, and of Aboda's exclusive right to use the registered ABODA Marks in commerce in connection with the Services. *See* 15 U.S.C. § 1057(b). The certificates of registration for the ABODA Marks also provide constructive notice of Aboda's claim of ownership. *See* 15 U.S.C. § 1072.

13. A Section 8 and 15 Declaration of Use and Incontestability has been filed and accepted by the USPTO for Aboda's U.S. Trademark Registration No. 3,290,438 for the ABODA Mark. Accordingly, Registration No. 3,290,438 for the ABODA mark has achieved incontestable status. *See* 15 U.S.C § 1065. A true and accurate copy of the Notice of

COMPLAINT - 6

Acceptance of the Section 8 and 15 Declaration issued by the USPTO is attached hereto as **Exhibit B**.

14. Since at least as early as 2005, Aboda has been promoting, marketing, and selling its real estate services in interstate commerce under the ABODA Marks. Through the widespread and continuous use of the ABODA Marks, Aboda has built a substantial amount of goodwill in the ABODA Marks in connection with Aboda's business. As a result, consumers readily recognize the ABODA Marks as uniquely associated with Aboda's services in the apartment and temporary accommodation industry.

15. Aboda's ABODA Marks are strong, distinctive marks, which have also acquired secondary meaning and are well-known in the industry as a designation for marketing and listing upscale, innovative short- or long-term temporary housing and apartments.

16. In addition, Aboda has obtained common law trademark rights on a nationwide basis in the ABODA Marks through Aboda's continuous promotion, marketing, and sale of its real estate services.

**Facts Relating to MoveIn's Unlawful Activities**

17. MoveIn provides identical services to many of Aboda's services. In particular, MoveIn provides marketing and related services for rental properties and apartments (the "Infringing Services") under the confusingly similar mark ABODO (the "Infringing Mark"), which are directly competing with Aboda's rental property and apartment promotion, marketing, and management services. MoveIn markets the Infringing Services under the

COMPLAINT - 7

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

Infringing Mark on its website, https://www.abodo.com. A true and accurate copy of a screenshot of this website is attached hereto as **Exhibit C**.

18. The Infringing Mark is substantially similar in sight, sound, and commercial impression to the ABODA Marks.

19. MoveIn is the registrant of U.S. Trademark Registration No. 4,780,693, for the mark ABODO in connection with rental property and apartment marketing goods and services. A true and accurate copy of the Registration Certificate is attached hereto as **Exhibit D**.

20. On December 3, 2018, shortly after learning of MoveIn's use of the infringing mark, Aboda's counsel sent a demand letter (the "Demand Letter") to Mr. Alec Slocum, President & C.E.O. of MoveIn, by email and U.S. Mail requesting that MoveIn expressly abandon the registration for the Infringing Mark and cease and desist from any and all use of the Infringing Mark. A true and accurate copy of the Demand Letter is attached hereto as **Exhibit E**.

21. On December 19, 2018, MoveIn's counsel sent a response (the "Response") to the Demand Letter refusing to cease use of the Infringing Mark. A true and accurate copy of the Response is attached hereto as **Exhibit F**.

22. Upon information and belief, MoveIn targets the same types of customers as Aboda, including, but not limited to, students, universities, organizations, property managers, and companies, and uses the same channels of trade as Aboda. Given the overwhelming similarities between the ABODA Marks and the Infringing Mark, the fact that Aboda's Services and the Infringing Services are identical in some cases and substantially similar in

COMPLAINT - 8

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

others, which are offered to the same consumers through similar channels of trade, a likelihood of confusion exists that will cause consumers to mistakenly believe that MoveIn's Infringing Services are licensed by, sponsored by, or affiliated with Aboda.

23. MoveIn's continued use of the Infringing Mark, after notice of Aboda's trademark rights in the Mark as detailed in the Demand Letter, constitutes willful trademark infringement.

## COUNT I
### Infringement of Federal Registered Mark (15 U.S.C. §1114)

24. Aboda repeats and incorporates by reference the foregoing allegations in Paragraphs 1 through 23 above and those in Paragraphs 25 through 30 below, as if fully set forth herein.

25. MoveIn's use of the Infringing Mark infringes upon Aboda's Marks.

26. MoveIn's use of the Infringing Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that MoveIn's Infringing services are provided by Aboda, or are associated or connected with Aboda, or have the sponsorship, endorsement, or approval of Aboda.

27. MoveIn's use of the Infringing Mark, which is confusingly similar to Aboda's Marks, violates 15 U.S.C. § 1114. Unless prohibited by this Court, MoveIn's activities are likely to cause confusion and deception to the members of the trade and the public, as well as injury to Aboda's goodwill and reputation, for which Aboda has no adequate remedy at law.

COMPLAINT - 9

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

28.     MoveIn's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Aboda's Marks to Aboda's great and irreparable injury.

29.     MoveIn's use of the Infringing Mark in connection with the Infringing Services will likely continue unless enjoined by this Court.

30.     MoveIn has caused and is likely to continue causing substantial unfair competition to the public and to Aboda. Aboda is entitled to injunctive relief and to recover MoveIn's profits, actual damages, including treble damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II

### Infringement of Trademark, False Designation of Origin and Unfair Competition Under Lanham Act § 43(a) (15 U.S.C. § 1125)

31.     Aboda repeats and incorporates by reference the foregoing allegations in Paragraphs 1 through 30 above and those in Paragraphs 32 through 38 below, as if fully set forth herein.

32.     MoveIn's use of the Infringing Mark is likely to cause confusion with Aboda's Marks.

33.     MoveIn's use of the Infringing Mark in connection with the Infringing Services, which are identical to many of Aboda's Services, is likely to cause confusion such that consumers and other members of the public are likely to confuse the source of the parties' services.

34. Additionally, MoveIn's use of the Infringing Mark constitutes a false designation of origin and unfair competition by infringing the ABODA Marks and by falsely representing

COMPLAINT - 10

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

to the public that the Infringing Services are provided by Aboda, or are associated or connected with Aboda, or have the sponsorship, endorsement, or approval of Aboda, which is false.

35. MoveIn's false designation of origin has been willful and deliberate, designed specifically to trade upon the consumer goodwill enjoyed by Aboda.

36. Aboda's consumer goodwill is of enormous value and Aboda will suffer irreparable harm should MoveIn's false designation of origin be allowed to continue.

37. MoveIn's false designation of origin and unfair competition will likely continue unless enjoined by this Court.

38. Aboda is entitled to a permanent injunction against MoveIn's infringement, as well as all other remedies available under the Lanham Act, including, but not limited to compensatory damages, treble damages, disgorgement of profits, costs and attorney fees.

## COUNT III

### Unfair Competition under Washington Common Law
### Consumer Protection Act RCW 19.86.020

39. Aboda repeats and incorporates by reference the foregoing allegations in Paragraphs 1 through 38 above and those in Paragraph 40 – 45 and the Jury Demand and Prayer for Relief below, as if fully set forth herein.

40. MoveIn's Infringing Mark is nearly identical and confusingly similar to Aboda's Marks, such that consumers are likely to confuse the source of the parties' marks, and thus constitutes trademark infringement under Washington common law.

COMPLAINT - 11

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

41. MoveIn's infringing activities have caused, "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" and unless enjoined by this Court, will continue to cause, unfair competition, irreparable injury and other damages to Aboda, its business, its reputation and goodwill because Aboda has no adequate remedy at law. RCW 19.86.020 *et. seq.*

42. As described in this Complaint, MoveIn's use of the Infringing Mark has injured Aboda's business through unfair competition with Aboda. Such unlawful activity and unfair competition has diluted the distinctive quality of Aboda's Marks.

43. As a result of MoveIn's infringing acts, Aboda has suffered and continues to suffer damages and is entitled to compensation due to MoveIn's infringement. MoveIn's actions are deliberate and willful entitling Aboda to enhanced damages and attorney's fees.

## Jury Demand

Aboda demands a trial by jury for all issues so triable.

## Prayer For Relief

WHEREFORE, Aboda requests the following relief:

A. Permanently enjoin and restrain MoveIn from:

  i. using the Infringing Mark or any other confusingly similar derivations of the ABODA Marks in the United States in connection with the Aboda's Services and any goods or services related thereto; and

  ii. doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or the trade or to lead persons into the erroneous belief that MoveIn or any of MoveIn's goods or services are associated with Aboda; and

COMPLAINT - 12

HELSELL FETTERMAN
Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

B. Direct MoveIn and its affiliates, assigns, licensees, and related entities to remove all forms of advertisements, including websites, social media, and promotional materials in their possession, custody or control bearing the Infringing Mark, or any other word, mark, or name, which is confusingly similar to the ABODA Marks, or which is likely to cause confusion or mistake or to deceive, and that MoveIn be enjoined from creating, purchasing, or acquiring such materials in the future or placing them on a website, social media site, or any other promotional materials;

C. Direct MoveIn to never use any false designation of origin, false representation, or any false or misleading description of fact, which is likely to lead the consuming public or individual members thereof, to believe that any of the goods or services produced, offered, promoted, marketed, advertised, provided, sold or otherwise distributed by the enjoined parties is in any manner associated or connected with Aboda or are licensed, approved or authorized in any way by Aboda.

D. Require MoveIn, under 15 U.S.C. § 1117, to account to Aboda for any and all profits derived by it, and for all damages sustained by Aboda by reason of MoveIn's acts complained of herein;

E. Impose treble damages against MoveIn for its willful trademark infringement, under 15 U.S.C. § 1117;

F. Award Aboda its reasonable attorney's fees, costs, and disbursements incurred on account of this civil action;

G. Enter Final Judgment cancelling U.S. Trademark Registration No. 4,780,693 for the ABODO mark and any other Infringing Marks, and directing the Director of the USPTO pursuant to 15 U.S.C. 1119 to remove those registrations from the Principal Register;

H. Enter Final Judgement cancelling Wisconsin State Service Mark Registration No. 20141442084, Arizona State Tradename Registration No. 9041554, and any other State

COMPLAINT - 13

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

Applications or Registrations for the Infringing Mark and directing the relevant Secretary of State Offices or other relevant offices to expunge those registrations from the state registers; and

I.    Award Aboda such other and further relief as the Court may deem just and proper.

DATED this 25th day of April, 2019.

HELSELL FETTERMAN LLP


By /s/ Lance D. Reich
Lance D. Reich, WSBA # 41090
Kevin E. Regan, WSBA # 44565
1001 Fourth Ave., Ste. 4200
Seattle, WA 98154-1154
(206) 292-1144 / Fax: (206) 340-0902
Attorneys for Plaintiff


**SPERRY IP LAW LLC dba Vivid IP**

Marcy L. Sperry, Esq.
Georgia Bar No. 455561
Alex J. Aron, Esq.
Georgia Bar No. 162408
3550 Lenox Rd NE, 21st Floor
Atlanta, Georgia 30326
(404) 474-1600
marcy@sperryiplaw.com
alex@sperryiplaw.com

*BEING ADMITTED PRO HAC VICE*
*Attorneys for Plaintiff, Aboda, Inc.*

COMPLAINT - 14

HELSELL FETTERMAN
Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM